**SO ORDERED.**
**SIGNED this 23rd day of January, 2014**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

Richard Stair Jr.
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

Case No.  13-32971

SHERRY A. HYLAND
aka SHERRY HYLAND PHILLIPS
dba NARNIA FARM

Debtor

**MEMORANDUM AND ORDER ON**
**APPLICATION FOR COMPENSATION**
**BY ATTORNEY FOR DEBTOR**

This contested matter came on for hearing on January 22, 2014, on the Application for Compensation by Attorney for Debtor (Application for Compensation) filed by the Debtor's attorneys, John P. Newton, Jr., Richard M. Mayer, and Mayer & Newton (collectively, Mayer & Newton), on December 19, 2013, requesting compensation of $6,855.00, less a $1,500.00 retainer, for services performed in connection with their representation of the Debtor in her Chapter 13 case. On December 20, 2013, the Chapter 13 Trustee, Gwendolyn M. Kerney, filed her Objection to

Application for Compensation by Attorney arguing that Mayer & Newton's attorney fee is limited to $3,000.00, the amount of the "Base Fee" they charged the Debtor pursuant to E.D. Tenn. LBR 2016-1(a). Conversely, Mayer & Newton argue that they are entitled to the "Lodestar Fee" authorized under E.D. Tenn. LBR 2016-1(b). Because all matters essential to the resolution of the Application for Compensation are of record and undisputed, an evidentiary hearing is not required. *See* FED. R. EVID. 201.

The Voluntary Petition commencing the Debtor's Chapter 13 case was filed on August 15, 2013. Accompanying the petition was the Disclosure of Compensation of Attorney for Debtor (Compensation Disclosure Statement) signed by both Richard M. Mayer and John R. Newton, Jr., which states in material part at paragraph 1:

> I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor in contemplation of or in connection with this chapter 13 case is as follows:
>
> > For legal services and expenses, I have agreed to accept $3,000.00
> > Prior to the filing of this statement I have received     $1,500.00
> > Balance Due                                                $1,500.00
>
> This is a "Base Fee." That means that I will not charge any additional amount for any services rendered or expenses incurred prior to confirmation of the chapter 13 plan[.]

After extensive litigation surrounding a Motion for Contempt, Motion for Turnover & Motion for Expedited Hearing filed by the Debtor on August 20, 2013, and a Motion to Modify Automatic Stay and for Order Compelling Trustee to Abandon Property filed by LaChance Financial Services, Inc. on August 30, 2013, the court, pursuant to an Order entered on November 7, 2013, scheduled a confirmation hearing on the Debtor's plan and directed that the Debtor remain current

on all proposed plan payments. On December 9, 2013, the Chapter 13 Trustee filed a Certificate of Chapter 13 Trustee certifying that the Debtor had accrued a $2,500.00 plan arrearage through November 30, 2013. The Debtor's case was thereafter dismissed on December 10, 2013, pursuant to the Order Dismissing Chapter 13 Case Preconfirmation Upon Certification by Chapter 13 Trustee (Dismissal Order). The Dismissal Order, as is customary when a Chapter 13 case is dismissed prior to confirmation, awarded Mayer & Newton a $1,250.00 attorney fee with a proviso that "[t]his fee award is final unless within ten days after entry of this order . . . counsel for the debtor(s) files an application pursuant to Fed. R. Bankr. P. 2016(a) requesting a fee higher than the amount awarded herein." Thereafter, on December 19, 2013, Mayer & Newton filed the Application for Compensation presently before the court reciting, in contradiction to the Compensation Disclosure Statement filed at the commencement of the case, that "[t]he Debtor's fee agreement allows for fees based on a time basis at the rate of $250.00 per hour for services rendered in this case." The Chapter 13 Trustee contends that Mayer & Newton's fee is limited to the $3,000.00 Base Fee set forth in the Compensation Disclosure Statement filed with the petition on August 15, 2013. The court agrees.

Mayer & Newton filed the Compensation Disclosure Statement in compliance with the Bankruptcy Code's requirement that "[a]ny attorney representing a debtor . . . shall file with the court a statement of the compensation paid or agreed to be paid, . . . for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation." 11 U.S.C. § 329(a) (2006); *see also* FED. R. BANKR. P. 2016(b) (requiring the compensation disclosure statement be filed within fourteen days after entry of the order for relief

3

or as directed by the court).  Local Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Tennessee provides in material part:

> **(a) Presumptive Fee.**
> (1) *Base Fee for Preconfirmation and Routine Services.*  In a chapter 13 case, a debtor's attorney may, without filing an itemized statement, request a Base Fee in an amount not to exceed $3,000 for all services rendered and expenses incurred prior to confirmation of the plan and all routine services and expenses anticipated to be rendered or incurred after confirmation.  The amount of the Base Fee must be stated in the chapter 13 plan and on a Disclosure of Compensation of Attorney for Debtor form substantially conforming to <u>Local Form 2016.1</u>, which must be filed in accordance with Fed. R. Bankr. P. 2016(b).
>
> . . .
>
> **(b) Lodestar Fee.**  In any case in which the attorney seeks initial compensation in excess of $3,000 or in any case in which the attorney chooses to seek compensation other than as prescribed in subdivision (a) of this rule, the attorney must file a fee application including an itemized statement conforming to Fed. R. Bankr. P. 2016(a).

E.D. Tenn. LBR 2016-1.  As required by Local Rule 2016-1(a), the Chapter 13 plan proposed by the Debtor provided at paragraph 4.a) that "Debtor(s)' **Chapter 13 attorney fees** shall be paid in the amount of **$3,000.00** less **$1,500.00** previously paid by the debtor(s)."

In summary, Local Rule 2016-1 provides a Chapter 13 debtor's attorney with two options: the attorney may charge the Base Fee not to exceed $3,000.00 or may use the Lodestar rate and seek compensation by filing a fee application conforming to Rule 2016(a) of the Federal Rules of Bankruptcy Procedure.  Here, Mayer & Newton charged the maximum Base Fee of $3,000.00.  As discussed, Mayer & Newton certified in their Compensation Disclosure Statement filed on August 15, 2013, that "I will not charge any additional amount for any services rendered or expenses incurred prior to confirmation of the chapter 13 plan[.]"  Notwithstanding that the Statement of

4

Services attached as Exhibit A to the Application for Compensation evidences that the services rendered by Mayer & Newton might justify a fee of $6,855.00, they cannot now switch to a different fee arrangement with the Debtor. The court finds troubling the contradiction in the Compensation Disclosure Statement that the "compensation . . . agreed to be paid to [Mayer & Newton], for services rendered . . . in connection with this chapter 13 case is . . . $3,000.00," with the certification in the Application for Compensation that "[t]he Debtor's fee agreement allows for fees based on a time basis at the rate of $250.00 per hour for services rendered in this case." Mayer & Newton cannot have it both ways. The maximum fee to which Mayer & Newton is entitled is $3,000.00.

Mayer & Newton, having filed the Application for Compensation within the time directed by the December 10, 2013 Dismissal Order, and because they are clearly entitled to a fee in excess of the $1,250.00 fixed by that order, the court directs that they are allowed an attorney fee in the amount of $3,000.00 of which $1,500.00 has already been paid. The Chapter 13 Trustee is authorized to remit from funds remaining in her possession the additional sum of $1,500.00 to Mayer & Newton.

###